STATE OF MONTANA,
                                    Plaintiff,                                    NO. 11338
        VS.                                                                       DECISION
Lyle Henry Johnson,
                Defendant.

On March 30, 1995, it was the judgment of the Court that Defendant be sentenced to a term of five (5) years in the Montana State Prison for the offense of Indecent

Exposure, a Felony. Having found Defendant a persistent felony offender, pursuant to Section 46-18-501, MCA, as less than five (5) years had elapsed between his release from the Montana State Prison on August 11, 1994, and the commission of this offense on September 28, 1994, it was further ordered that Defendant be sentenced to forty-five (45) years in the Montana State Prison and that said sentences shall run consecutively. It was the recommendation of the Court to the Parole Board that prior to becoming eligible for parole or early release, Defendant shall successfully complete the sex offender program at the Montana State Prison. It was further ordered that Defendant shall register as a sexual offender, pursuant to Sections 46-23-504 and 46-23-505, M.C.A., with the Department of Corrections, Chief of Police, and Sheriff of the County wherein he resides for a period of ten (10) years following his release from custody and that he notify any law enforcement agency with whom he was last registered of any change in address as further set forth under the law and register with the Department of Corrections, Chief of Police and Sheriff if he should change his address during this ten (10) year period. Defendant was designated a dangerous offender for the purposes of parole eligibility and received credit for time served in the Missoula County Jail from October 7, 1994, through October 9, 1994; and from October 31, 1994, through date of sentencing, March 30, 1995, in the amount of one hundred fifty-one (151) days.

On August 22, 1996, Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

Defendant was present and proceeded Pro Se. The State was represented by Fred VanValkenburg, Deputy Missoula County Attorney.

Before hearing the application, Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. Defendant was further advised that there is no appeal from a decision of the Sentence Review Division. Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is excessive, but does find that the sentence is inadequate for the reasons set forth below.

Upon such consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified to the effect that Defendant will not be eligible for parole until he has served 30 years of the sentence imposed and also that he successfully complete all phases of the Sex Offender Program at Montana State Prison.

The reasons for the modification are that Defendant has exhibited to the sentencing Court and even more so to this Court an absolute absence of acceptance of accountability and also the fact that previous prison sentences have done absolutely nothing for him since he soon re-offends.

Done in open Court this 22nd day of August, 1996.

DATED this 23rd day of September, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Lyle Henry Johnson for representing himself in this matter and also Fred VanValkenburg, Deputy County Attorney for representing the State.